**PETER J. STATILE ASSOCIATES, INC., Plaintiff,**

v.

**PANAMA CANAL COMPANY, Defendant.**

Civ. A. No. 76–2302.

United States District Court, District of Columbia.

Nov. 16, 1977.

W. Shelby Coates, Jr., Baker, Nelson & Williams, New York City, for plaintiff.

David R. Schlee, Asst. U. S. Atty., Washington, D. C., for defendant.

MEMORANDUM–ORDER

GASCH, District Judge.

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for summary judgment. Plaintiff Peter J. Statile Associates, Inc., a corporation in the business of naval design and consultation, sues defendant Panama Canal Company, the United States agency responsible for maintaining, operating, and conducting business operations with respect to the Panama Canal, for negligence arising out of defendant's decision to deny plaintiff

trial transit of the "Interlock" vessel type designed by plaintiff.

Peter J. Statile, president of plaintiff, was granted a patent for his "Interlock" invention, which, when designed, would allow increased cargo payload to be transported through the Canal by connecting two vessels, one which is primarily a propulsion vessel and the other which is primarily a cargo-carrying vessel.[1] Plaintiff alleges that relying upon defendant's promulgations relating to size and draft limitations of vessels, plaintiff proceeded with design work to implement the "Interlock" invention. In 1970, plaintiff sought transit approval from defendant for a vessel type that incorporated the "Interlock" device. On July 16, 1971, defendant gave conditional approval, subject to review of the final plans, to plaintiff for trial transit of the "Interlock" type vessel. Plaintiff claims that defendant approved the final plans, subject to minor further requirements, which plaintiff subsequently met. On December 23, 1973, defendant denied unconditional approval of transit of the proposed design. Plaintiff further claims that it expended considerable effort and money in an attempt to meet defendant's objections. Notwithstanding these efforts, on June 26, 1974, defendant advised plaintiff that the proposed sectionalized design, if built, would not be accepted for transit of the Panama Canal. Defendant based its denial on the following regulation:

1. The proposed interlocking vessel would consist of a 900 foot forebody unit and a 191.5 foot propulsion unit. The proposed vessel, in its full configuration, would be longer than any vessel that has ever been permitted to transit the Canal.

2. Defendant claims that the decision to permit a vessel to transit the Panama Canal is unreviewable, since it is committed to agency discretion pursuant to section 701(a)(2) of the APA. It further contends that even if the decision is considered to be reviewable agency action, the agency decision should be affirmed since it is not "arbitrary and capricious." 5 U.S.C. § 706(2)(A). While the Court need not determine whether the agency action is reviewable and if so, whether the agency decision is an abuse of discretion, the Court does note the

The Canal authorities may deny any vessel passage through the Canal when the character or condition of the cargo, hull, or machinery is such as to endanger the structures pertaining to the Canal, or which might render the vessel liable to obstruct the Canal, or whose draft, at any part of the vessel exceeds the maximum allowable draft in the Canal as designated from time to time by the Canal authorities.

35 C.F.R. § 103.2 (1976).

Plaintiff claims that defendant, in denying plaintiff trial transit of the "Interlock" vessel for the reasons it stated, breached the obligation of ordinary care and skill it owed to plaintiff and was therefore negligent. It also asserts that defendant breached its "duty to use due care in obtaining and communicating information upon which plaintiff might reasonably have been expected to have relied in the conduct of its economic and business affairs." Complaint ¶ 17. Plaintiff alleges that defendant breached such duty by communicating to plaintiff information that was erroneous and did not comport with the size and draft standards established by defendant. Rather than seek review of the agency decision under the Administrative Procedure Act,[2] plaintiff challenges defendant's decision on the grounds of negligence and seeks $15,000,000.00 in damages as a consequence.

■ Since the Federal Tort Claims Act and its exceptions are expressly made inap-

broad authority granted to the President to prescribe regulations governing the passage and control of vessels through the Panama Canal:

The President may prescribe, and from time to time amend, regulations governing:
(1) the navigation of the harbors and other waters of the Canal Zone;
(2) the passage and control of vessels through the Panama Canal or any part thereof, including the locks and approaches thereto . . . .

2 *Canal Zone Code* § 1331 (1962) (76A Stat.). Moreover, the Panama Canal Company is given broad discretion to determine whether to deny a vessel passage through the Canal. *See* 35 C.F.R. § 103.2 (1976).

plicable to the Panama Canal Company,[3] the only sources upon which plaintiff could base its tort claim are the Canal Zone Code and the common law. The Canal Zone Code specifically provides for damages against the Panama Canal Company under certain circumstances. These pertain, for the most part, to damages to vessels that occur during transit of the Canal because of the negligence or fault of employees or officers of the Panama Canal Company. *See 2 Canal Zone Code* §§ 291–292 (1962) (76A Stat.). There is no mention of damages arising from defendant's decisionmaking. Moreover, section 296 states:

> This section does not prohibit actions against the Company's officers or employees for damages for injuries resulting from their acts outside the scope of their employment or not in the line of their duties, or from their acts committed with intent to injure the person or property of another.

This provision, read in conjunction with sections 291 and 292, strongly suggests that damages may be obtained against the Canal Company only for those claims specifically enumerated in the Canal Zone Code. This reading of the statute is supported by the principle of statutory construction that when Congress provides legislative remedies, it intends these remedies to be exclusive. *See 2A Statutes and Statutory Construction* § 47.23 (Sands 4th Ed. 1973).

■ Even if damages could be maintained against the Company on the basis of a simple tort and thus the provisions specified in the statute were determined not to be the exclusive means by which damages could be obtained, plaintiff fails to state a cause of action against the Canal Company upon the facts alleged. Plaintiff relies on the common law simple tort theory as codified in the Canal Zone Code to support its claim:

> Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the manage-

ment of his property or person, except as far as the latter has willfully brought the injury upon himself.

4 *Canal Zone Code* § 1357 (1962) (76A Stat.). However, this theory cannot be sustained, because the Panama Canal Company has no duty to the plaintiff in regard to the approval of the "Interlock" type vessel. One of the elements necessary to establish a cause of action in negligence is "a duty, or obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks." W. Prosser, *Handbook of the Law of Torts* § 30 (3rd Ed. 1964). Since plaintiff has failed to provide any authority whatsoever to establish that the Panama Canal Company has a duty to plaintiff regarding the approval of the proposed "Interlock" vessel, plaintiff's claim should be dismissed for failure to state a claim upon which relief can be granted.

Wherefore, for the aforestated reasons, it is by the Court this 16th day of November, 1977,

ORDERED that defendant Panama Canal Company's motion to dismiss be, and it hereby is, granted.

**3.** 28 U.S.C. § 2680(m) (1970). Since the activities of the Panama Canal Company are primarily commercial, Congress deemed that the principle of governmental immunity is inapplicable to suits against the Panama Canal Company. *See* S.Rep.No. 167, 81st Cong., 1st Sess., *reprinted in* [1949] U.S.Code Cong. & Admin. Serv. p. 1590.